RICHARD NUGENT, Assignee of Justus Vairin and James T. Kelly, Bankrupts, v. STACEY B. OPDYKE and others.

Where the debtors of one who has been declared a bankrupt, are aware of the fact, and in their answers to interrogatories, propounded to them as garnishees in an attachment suit, state, that they still owe the debt, without mentioning in any way the application of their creditor to be declared a bankrupt, they will be liable to the assignee of the bankrupt, though they have paid the amount of their debt to the plaintiff in the action in which they were made garnishees. *Per Curiam.* They omitted to give notice of a fact which they were bound to disclose.

APPEAL from the Commercial Court of New Orleans, *Watts*, J. This was an action by the assignee of J. Vairin & Co., bankrupts, to recover $1288 74, as a balance of account due to the bankrupts. The proceedings were commenced by attachment. The defendants answered by a general denial. They further alleged, that any debt which they may have owed the bankrupts has been extinguished to the amount of $1147 74, by a judgment obtained in Illinois against the respondents, as garnishees, in a suit by attachment, in which one Edmonson was plaintiff, and J. Vairin & Co. defendants, which they, respondents, paid.

It was admitted on the trial: That J. Vairin & Co. applied to the District Court of the United States, sitting in New Orleans, to be declared bankrupts, on the 4 March, 1842; that on the 13 April, they were so declared, and that Richard Nugent was, shortly after, appointed their assignee; that about the 29 April, Nugent sent a written notice to the defendants of his appointment, and that Seth M. Tinsley, one of them, was, at the time, in New Orleans; that before the appointment of the assignee, and while Kelly, one of the firm of J. Vairin & Co., had charge of the books of the partnership and was engaged in the settlement of its business, S. M. Tinsley informed him of the attachment suit in Illinois; and that, though the defendants wrote to the assignee of the existence of the attachment suit in Illinois, the latter has no recollection of ever receiving the letter.

The letter of the assignee was received by the defendants, who replied, directing him to see S. M. Tinsley, one of their

firm, then in New Orleans. A transcript of the judgment in the case of *Edmonson* v. *J. Vairin & Co.*, was offered in evidence, from which it appeared, that that action was commenced on the 17 March, 1842 ; that notice of the attachment was published, for four successive weeks, in a newspaper published at Springfield, Illinois, between the 27 May and 24 June, 1842 ; that judgment was rendered on the 25 July, 1842, against J. Vairin & Co. ; that the present defendants, being interrogated on the 27 July, 1842, as garnishees, answered, through S. M. Tinsley, in these words : " On the 1 June, 1842, we owed and still do owe Justus Vairin & Co., of New Orleans, $1147 74. Springfield, July 27, 1842 ;" that judgment was rendered, on the same day, against the garnishees for that amount, and that the same was paid.

There was a judgment below against the defendants, for $1147 74, with interest at five per cent, from the 1st June, 1842, till paid. From this judgment the present appeal was taken.

*C. M. Jones*, for the plaintiff. The defendants have made themselves liable by failing to state in their answer as garnishees, that the debt due by them had been transferred, by the bankruptcy of their creditors, to the assignee. Had this been done the assignee would have been made a party to the suit, and the debt due by the garnishees have been ordered to be paid to him for the common benefit of all the creditors. The case of *Fisher* v. *Vose*, (3 Robinson, 457), is exactly in point. Garnishees must answer the interrogatories truly or abide the consequences. It was not true that they were indebted to J. Vairin & Co., on the 1st June, 1842—they were indebted to their assignee.

*Spring* and *A. Hennen*, for the appellants. The only question for the decision of the court is, whether the judgment rendered against the defendants in Illinois, on an attachment and payment of its amount, as garnishees, will protect them against a second demand of the same debt, from the assignee of the bankrupts, J. Vairin & Co.

The counsel for the plaintiff concedes the correctness of the doctrine, laid down by the elementary writers, that, " when a debt has been recovered of a debtor, under the process of foreign attachment, fairly and not collusively, the recovery is a protection to the garnishee against his original debtor, and he may plead it in bar." 2 Kent's Com., 119.

The proceeding by attachment is *in rem*, and all persons who could have asserted a right to the property, become parties by the monition, which it is proved was issued in the case.

The plaintiff then was, in contemplation of law, a party to the suit. Furthermore it appears, that he was informed, (at least, that a letter was written to him to give information,) that a suit had been instituted, attaching the credit of the bankrupts, to whom he had been appointed assignee.

The judgment, therefore, respecting property and persons within the jurisdiction of the court in Illinois, must be "held valid and binding, as being *res judicata*, in every other country, in respect to all matters of right and title, transfer and disposition of the property." 2 Kent's Com., 119, note C, of the 5th edit., and the authorities there quoted.

But the plaintiff insists that it was the duty of the defendants to have pleaded the bankruptcy of Vairin & Co., in the attachment suit in Illinois; or, at least, to have disclosed the fact of their bankruptcy, in their answer to the interrogatories. On this ground, the judgment of the court below was given against them.

The defendants did more than was necessary to protect themselves, when they wrote the letter, and gave verbal information to the plaintiff, respecting the attachment. If the plaintiff did not receive the letter written by the defendants, it was not their fault, no more than it would be the fault of the holder of a protested bill of exchange, that an endorser did not receive the notice of protest, sent to him by mail. The law, in neither case, makes it requisite that the notice should absolutely be brought home to the knowledge of the parties. *Legal diligence to give it, is all that is required.* But the proper and legal notice in this case, was given by the publication in the newspaper, at Springfield, Illinois, according to the laws of the State. It was as much a monition, as if it had been issued in a court of admiralty, and should have the same effect to bind, not only the plaintiffs, but the whole world.

No *laches* can be attributed to the defendants.

No collusion is charged against them. Why then should they suffer? Why be compelled to pay a second time, the same debt?

It was the duty of Nugent, the assignee of J. Vairin & Co.. to take notice of the monition contained in the newspaper, published at Springfield, respecting the attachment. His neglect to make himself a party to the attachment suit, should not be visited on the defendants.

Ample time was given for the assignee to gain information, and to take all the requisite steps for making himself a party in the attachment suit, to protect the rights of the bankrupts. If he did not, the defendants should not suffer for it.

The case of *Fisher* v. *Vose*, 3 Rob., 457, goes no further than to say that proceedings should be stayed in an attachment, until the assignee of the bankrupt has time to make himself a party. At the close of the opinion of the court given on the re-hearing, (p. 483) the question is expressly reserved as to the effect of an attachment in the state courts after the appointment of the assignee.

The question now presented for decision is new. The amount in controversy does not give to the question much importance; but the principles involved in it are very grave. How far are the state courts throughout the Union, deprived of jurisdiction over the property of a bankrupt? Are all suitors bound to notice a bankruptcy, at their peril? Must they yield an active co-operation to the accomplishment of the provisions of the bankrupt law?

The state courts are bound only to notice matters directly brought before them by the pleadings.

Garnishees are bound in suits against themselves to take no part in the controversy of either of the parties. They are not bound, at their peril, to notice every thing which may bear on the contest. The parties should see to that. Have the garnishees honestly discharged their duty herein? This is the only question.

MARTIN, J. The defendants are appellants from a judgment which condemns them to pay to the plaintiff, the assignee of J. Vairin & Co., their former creditors, a sum which Edmondson & Co., creditors of the latter, recovered from the present defendants, summoned as garnishees, in an attachment suit in the State of Illinois.

Vairin & Co. applied, in March, 1842, for the benefit of the bankrupt law of the United States, and were admitted to it in the following month.   The present plaintiff, their assignee, gave notice to the defendants of his appointment, and demanded the payment of what they owed to the bankrupts, and was referred to Tinsley, one of the firm.   Edmondson and others brought their attachment suit, in the State of Illinois, on the 17th of March, 1842, thirteen days after the date of the petition of the bankrupts, and twenty-seven days before their admission as such.   Nugent's letter above referred to, is of the 29th of April, sixteen days after the bankrupts' admission.  'The present defendants were summoned as garnishees, and the attachment published according to law, in one of the gazettes of the State of Illinois.   On the 25th of July, judgment was given against the defendants in the attachment suit, and the present defendants, as garnishees therein, were ordered to answer interrogatories. They answered :  " That on June 1st, 1842, we owed and still do owe Justus Vairin & Co., of New Orleans, eleven hundred and forty-seven dollars and seventy-four cents."   Judgment was given against the present defendants as garnishees, which it appears they paid and satisfied.

To the present suit by the assignee of their former creditors, they oppose the judgment of the State of Illinois, and the payment thereof.

Their counsel has urged that the plaintiff had notice of the attachment suit, and ought to have become a party thereto, and have urged the bankruptcy of the then defendants, and thus have prevented a judgment against them, and the present defendants as garnishees.   They show that they wrote to him, to apprize him of the suit.   It does not appear that their letter reached him.   It is further contended that a suit by attachment is one *in rem,* to which all the world is a party, and that the judgment in it forms *res judicata* against all.

On the part of the plaintiff, it is replied, that the publications in the Illinois paper were before his appointment as assignee, and after the commencement of the bankruptcy suit ; that the publications of the application for admission to bankruptcy in New Orleans, were notice to the defendants and appellants in

Illinois, especially as one of the firm was at the time in New Orleans; that the judgment against them, as garnishees, would have protected them from the present suit, if they had acted fairly and properly; that they were bound to allege in their answer to the interrogatories every fact in their knowledge, which had destroyed the relation of debtors and creditors, theretofore existing between them and the defendants on the attachment. Bankruptcy is a sort of civil death, which, like the natural, destroys existing rights. *Sorte supremâ permutat dominos, et transeunt in alios jura.* We are willing to admit that their answer, that they still owed the money to the defendants in the attachment, is not a *suggestio falsi*, and that they meant only to convey the idea that they were not absolved of the debt by any payment. Still there was, though perhaps not intentionally, a *suppressio veri*—a concealment, or at least, an omission to give notice of a fact which they were bound to disclose, and which would have prevented a judgment against them. They were in the situation of a party who knows that his note has been endorsed over by the payee, and neglects to urge the circumstance in his answer to interrogatories as garnishee, and thereby suffers judgment to be given against the payee and himself, and who will necessarily be compelled to pay his note to the holder.

*Judgment affirmed.*